FILED

2009 Sep-02  PM 01:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROLAND ALLEN, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 2:09-CV-00733-LSC |
| | ] | |
| U.S. EEOC OFFICE, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration Defendant's motion to dismiss and for

summary judgment, which was filed on June 8, 2009.  (Doc. 11.)  Plaintiff

Roland Allen, proceeding *pro se*, sued Defendant, the Equal Employment

Opportunity Commission ("the EEOC"),[1] for violation of 42 U.S.C. § 1983 ("§

1983") and  the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  (Doc.

4.)  The EEOC moved for dismissal and/or summary judgment on all of

Plaintiff's claims.  The Court notified Plaintiff of his rights and obligations

---

[1]Plaintiff identifies the EEOC as "U.S. EEOC Office" in his Amended Complaint.
(Doc. 4.)

under Federal Rule of Civil Procedure 56 (Doc. 14, Attach. 1), and he subsequently filed a cross-motion for summary judgment.  (Doc. 19.)  The issues raised in both motions are ripe for review.  Upon full consideration of the legal arguments and evidence presented, the EEOC's motion for summary judgment will be granted in all respects and Plaintiff's motion will be denied.

II.     Facts.[2]

On or around October 2, 2008, Plaintiff requested a copy of the EEOC file for an employment discrimination charge he had filed.  At the time of his request, the EEOC was still investigating the charge.  The Regional Attorney of the EEOC's Birmingham District Office mailed Plaintiff an acknowledgment letter on October 8, 2008, and then a formal response on November 6, 2008.  The Regional Attorney denied Plaintiff's document request in its entirety, citing the exemptions listed in 5 U.S.C. § 552(b)

---

[2]The facts set out in this opinion are gleaned from the Court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

subsections 3, 6, and 7.  The Regional Attorney also included an explanation

of the exemptions and informed Plaintiff that he could appeal the denial in

writing within thirty days to the Assistant Legal Counsel of FOIA Programs in

the EEOC's Office of Legal Counsel in Washington, D.C.  Plaintiff did not

appeal the Regional Attorney's determination.  Instead, he filed suit in this

Court on April 16, 2009.

III.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The party moving for summary judgment "always bears the initial

responsibility of informing the district court of the basis for its motion, and

identifying those portions of [the evidence] which it believes demonstrate

the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting

evidence showing that there is no genuine dispute of material fact, or by

showing that the nonmoving party has failed to present evidence in support

of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.    Analysis.

Plaintiff contends that the EEOC violated both FOIA and § 1983.  "FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."  *Taylor v. Appleton*, 30 F.3d 1365,

1367 (11th Cir. 1994).   "This exhaustion requirement is a condition precedent to filing suit intended to allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary."  *Id*. at 1367-68.  It is undisputed that Plaintiff did not timely file an appeal with the EEOC regarding the Regional Attorney's determination.   Therefore, the EEOC is entitled to summary judgment on Plaintiff's FOIA claim.

With regard to Plaintiff's § 1983 claim, "[s]ection 1983 does not apply to federal actors acting under color of federal law."  *Hindman v. Healy*, 278 Fed. Appx. 893, 895 (11th Cir. 2008) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973)).   And, even if this Court considers the possibility of a *Bivens* action due to Plaintiff's *pro se* status, "*Bivens* provides a remedy for constitutional violations when federal actors are involved, but not federal agencies."  *Id*. (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)).  Here, Plaintiff has sued the EEOC, a federal agency.  Therefore, the § 1983 claim must be dismissed.

V.     Conclusion.

For the reasons set forth above, Defendant's motion for summary judgment will be granted in all respects, and Plaintiff's motion for summary judgment will be denied.  A separate order will be entered.

Done this 2nd day of September 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297